RENDELL, Circuit Judge,
dissenting:
My difficulty with my colleagues’ ruling stems from their initial determination that the interpretive bulletin at issue should be engrafted on the statute, so that the Village is held to have violated “the Act.” The *141 majority then follows a tortuous route to essentially strip the bulletin of its force by crafting a new element of the “good faith” test whereby if the violation was based upon a mere interpretative bulletin and was consensual, the good faith exception may apply.
Instead, I urge that we should conclude, as we did in Caruso v. Blockbuster-Sony Music Entertainment Centre, 174 F.3d 166 (3d Cir.1999), that an agency’s interpretive pronouncement that effects a substantive change in the law (as opposed to merely providing an interpretation of an ambiguous statutory provision) does not have the force of law. By superimposing the terms of the interpretive bulletin regarding the time within which overtime payments must be made on a statute which contains absolutely no time of payment requirement with respect to overtime, we are not deferring to an interpretation, but, rather, we are effecting a substantive change, which, as we pointed out in Caruso, should occur only after the notice and comment that precede the enactment of a regulation.[1] Id. at 177 (“[I]f an agency’s new interpretation will result in significantly different rights and. duties ..., notice and comment is required.”); see also Dia Navigation Co. v. Pomeroy, 34 F.3d 1255, 1265 (3d Cir.1994) (rejecting an agency regulation imposing new duties and obligations beyond the reach of the statute without the benefit of notice and comment). Case law has viewed this particular bulletin as a “guide,” and I suggest that we should not heighten its significance by endowing it with the force of law. See Reich v. Interstate Brands Corp., 57 F.3d 574, 576 (7th Cir.1995); Beaston v. Scotland School for Veterans’ Children, 693 F.Supp. 234 (M.D.Pa.1988). Accordingly, I would reverse because there has been no violation of the Fair Labor Standards Act. Therefore, I respectfully dissent.

. The concept of "prompt” payment of overtime originated in caselaw. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). I do not quarrel with that requirement and believe the payment here could be said to be "prompt.” However, the agency interpretation at issue goes far beyond “prompt,” mandating, in this case, next paycheck swiftness.